IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMIE L. STRINGER,

    Petitioner,

v.

                                                            No. 16-cv-00512-DRH

UNITED STATES OF AMERICA,

    Respondent.

# ORDER

**HERNDON, District Judge**:

On May 10, 2016 petitioner Jimmie Stringer ("Stringer") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc 1.). In his § 2255 motion, Stringer challenges his designation and sentence as a career offender.

The Court, after reviewing the pleadings, and pursuant to Administrative Order 176, referred the case to the Federal Public Defender given *Johnson v. United States*, 135 S.Ct. 2251 (2015) and the fact that Stringer challenges his career offender status. Thereafter, the Federal Public Defender moved to stay this case pending a decision by the United States Supreme Court in *Beckles v. United States*, 616 Fed.Appx 415 (11th Cir. 2015), cert. granted., --- U.S. ---, 136 S.Ct. 2510, --- L.E.2d --- (2016) (doc. 4), which the Court granted (doc. 5). On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) (holding broadly that advisory sentencing guidelines are not

1

subject to vagueness challenges under the Due Process Clause, and thus, the reasoning of Johnson does not extend to § 4B1.2's residual clause).

In light of *Beckles* and Stringer's Plea Agreement with the Government containing a waiver of challenges to the constitutionality of the United States Sentencing Guidelines, the Federal Public Defender moved to withdraw as counsel (doc. 12). The FPD asserts that in exchange for the government not filing an enhancement under Section 851, Stringer agreed to a plea agreement that contained a waiver of appeal and collateral review rights along with a waiver of challenges to the constitutionality of sentencing guidelines, and that no information exists to prove one of the limited exceptions to a waiver of appeal/collateral review rights. The Court, entered a show cause order directing petitioner to show cause – no later than February 22, 2018 – why the undersigned should not grant the Assistant FPD's motion to withdraw and deny Stringers § 2255 petition (doc. 13). Stringer has failed to respond.[1] Accordingly, the Court agrees with the Assistant FPD and per *Beckles* that there is no basis to vacate or correct Stringer's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

---

[1] The Court reviewed and learned that Stringer was released from prison on February 5, 2018 and therefore did not receive a copy of the show cause order. However, the Court has not been provided an updated address from petitioner Stringer to forward any mailings.

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484 (2000). This Court concludes that jurists of reason would not find it debatable whether this Court correctly dismissed petitioner's motion.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Stringer's 28 U.S.C. § 2255 motion (doc 1). And **GRANTS** the FPD's motion to withdraw (doc. 12). Further, the Court **DECLINES** to issue a certificate of appealability. The **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of American and against Jimmie Stringer.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.09
13:40:45 -06'00'

**United States District Judge**

3